UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLIE JINAN CHEN,<br><br>    Defendant,<br><br>    and<br><br>SHUI FOON MOK,<br><br>    Relief Defendant. | Civil Action No.<br>18-10657-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL
AND PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

**SAYLOR, C.J.**

This is a civil-enforcement action brought by the Securities and Exchange Commission against defendant Charlie Chen for insider trading in violation of Section 10(b) of the Securities Exchange Act of 1934 and Section 17(a) of the Securities Act of 1933. On February 3, 2020, a jury found that, on several occasions in 2013 and 2014, Chen knowingly traded on material non-public information provided to him by a family friend—either Jenny Ye or her husband Kevin Xu. (ECF 67). The trading activity involved the securities of VistaPrint, N.V., an e-commerce company where Ye worked, and had access to material non-public information at the time of the charged conduct. (ECF 87 at 5).

According to the evidence, the information Chen received from Ye or Xu enabled him to purchase options ahead of several quarterly earnings announcements and profit from the resulting price movement. (*Id.* at 5). Chen traded both in a brokerage account in his own name and one in the name of his wife, Shui Foon Mok. (ECF 92 at 8). He gained nearly $900,000 from the scheme. (ECF 77 Ex. 1 at 2).

After a five-day trial, the jury answered "yes" to the following question on the verdict form: "Even if you cannot identify by name which one, did either or both Jenny Ye and/or Kevin Xu, for a personal benefit, breach a duty of trust to maintain as confidential and not to disclose material, nonpublic information to Chen?" (ECF 67 at 4). However, the jury answered "no" to two parallel questions: "Did Jenny Ye, for a personal benefit, breach a duty of trust to maintain as confidential and not to disclose material, nonpublic information to Charlie Chen?" and "Did Kevin Xu, for a personal benefit, breach a duty of trust to maintain as confidential and not to disclose material, nonpublic information to Charlie Chen?" (*Id.* at 2-3).

On February 18, 2020, the SEC moved for entry of final judgment. (ECF 77). Specifically, it seeks to permanently enjoin Chen from violating securities law, and requests imposition of a $1,785,654 civil penalty, twice the value of his gains from the VistaPrint trades.[1] (ECF 77 at 1; ECF 91).

On February 24, 2020, Chen moved for judgment as a matter of law under Fed. R. Civ. P. 50(b) or for a new trial under Fed. R. Civ. P. 59(a). (ECF 79). Chen argues principally that

---

[1] The SEC also initially requested disgorgement of $892,827, plus prejudgment interest that at the time totaled $127,849. (ECF 77 Ex. 1 at 2). The Commission has since rescinded that request in light of *Liu v. SEC*, 591 U.S. 71 (2020) ("A disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under [15 U.S.C.] § 78u(d)(5).").

2

the jury's verdict is inconsistent, that it cannot support liability for insider trading as a matter of law, and that it is not supported by the weight of the evidence. (*Id.* at 2-3).

This matter was reassigned to the undersigned judge on December 30, 2024. (ECF 96).

## I.   Standard of Review

### A.   Rule 50(b)

A motion for judgment as a matter of law pursuant to Rule 50(b) is a challenge to the legal sufficiency of evidence supporting the jury's verdict. *See* Fed. R. Civ. P. 50(a)(1) (2018); *see Cook v. State of R.I., Dep't of Mental Health, Retardation & Hosps.*, 10 F.3d 17, 21 (1st Cir. 1993). The motion is "subject to a demanding standard." *Astrolabe, Inc. v. Esoteric Techs. PTY, Ltd.*, No. 01-cv-11352-PBS, 2002 WL 511520, at *2 (D. Mass. Mar. 29, 2002). The jury's verdict "must be upheld unless the facts and inferences, viewed in the light most favorable to the verdict, point so strongly and overwhelmingly in favor of [the moving party] that a reasonable jury could not have returned the verdict." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 13 (1st Cir. 2009). Put another way, judgment as a matter of law "is appropriate only where 'there is a total lack of evidence in support of the plaintiff's case.'" *Astrolabe*, 2002 WL 511520, at *2 (quoting *Censullo v. Brenka Video, Inc.*, 989 F.2d 40, 42 (1st Cir. 1993)).

The court "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." *Barkan v. Dunkin' Donuts, Inc.*, 627 F.3d 34, 39 (1st Cir. 2010); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The jury's verdict must stand unless the evidence "points unerringly to an opposite conclusion." *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 75 (1st Cir. 2001). This standard is "weighted toward preservation of the jury verdict." *Rinsky v. Cushman & Wakefield, Inc.*, 918 F.3d 8, 26 (1st Cir. 2019).

### B. Rule 59(a)

A motion for a new trial under Rule 59(a) requires a new trial "only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice." *Crowe v. Marchand*, 506 F.3d 13, 19 (1st Cir. 2007). The evidence is again viewed in the light most favorable to the verdict. *See Astro-Med*, 591 F.3d at 13. A "district judge cannot displace a jury's verdict merely because he disagrees with it" or because "a contrary verdict may have been equally—or more easily—supportable." *Ahern v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996). "The tide runs strongly against a litigant seeking to overturn a jury verdict." *Climent-García v. Autoridad de Transporte Marítimo y Las Islas Municipio*, 754 F.3d 17, 20 (1st Cir. 2014). "When a party claims that jury verdicts are inconsistent, we attempt to reconcile the jury's findings, by exegesis if necessary." *Davignon v. Hodgson*, 524 F.3d 91, 109 (1st Cir. 2008).

## II. Analysis

Defendant argues that he is entitled to judgment as a matter of law because the jury found both that Jenny Ye did not disclose insider information to defendant and that Kevin Xu did not disclose insider information to defendant. (ECF 79 at 2-3).

Defendant also argues that the verdict was not supported by the weight of the evidence. (*Id.* at 3). He argues that no reasonable jury could find that any disclosure from Ye or Xu was made for a personal benefit. (*Id.*) And he argues that the SEC's reliance on summary charts provides insufficient support for a finding of liability against him. (*Id.*)

### A. "Tippee" Liability

A tippee may be found liable if he knows that inside information had been divulged in breach of a duty for personal benefit, and he traded on the basis of that information. *See Salman v. United States,* 580 U.S. 39, 42 (2016); *Dirks v. SEC*, 463 U.S. 646, 653-64 (1983); *United*

4

*States v. Bray*, 853 F.3d 18, 28-29 (1st Cir. 2017); *United States v. Parigian*, 824 F.3d 5, 11 (1st Cir. 2016); *SEC v. Sargent*, 229 F.3d 68, 74-75 (1st Cir. 2000). A tippee "does not need to know the details of the insider's disclosure of information," does "not have to know for certain how the information was disclosed," or have to know "the identity of the insiders." *See United States v. Newman*, 773 F.3d 438, 449 n.3 (2d Cir. 2014), abrogated on other grounds by *Salman*, 137 S.Ct. at 428; *see also United States v. Goffer*, 721 F.3d 113, 124 (2d Cir. 2013). The government is not required to "produce evidence of a trail or path of inside information from the insider to a defendant." *SEC v. Euro Sec. Fund*, No. 98-CV-7347, 2000 WL 1376246, at *4 (S.D.N.Y. Sept. 25, 2000). And it is not required to prove "the exact method that [an intermediate tippee] obtained the information." *United States v. Corbin*, 729 F. Supp. 2d 603, 606 (S.D.N.Y. 2010). Instead, it is sufficient that there is evidence that he was aware that material nonpublic information had been improperly communicated for some benefit. *See Salman,* 580 U.S. at 42.

As an initial matter, any objection to the consistency of the verdict is waived, because defendant did not object to it before the jury was dismissed. *See Burnett v. Ocean Properties, Ltd.*, 987 F.3d 57, 72 (1st Cir. 2021) ("[A] party waives the issue of inconsistency if it fails to object after the verdict is read and before the jury is dismissed."). In any event, reasonable jurors could have interpreted the three disputed questions on the verdict form as exclusive, rather than overlapping. (ECF 67 at 2-4; Trial Tr. Day 5 at 128-129). For example, if they believed the information came from *both* Ye and Xu, they reasonably could have believed that they should only write "Yes" on the choice that indicated disclosure by either Ye, Xu, or both. (Trial Tr. Day 5 at 128-129). The verdict therefore can be "reconcile[d]" to establish Chen's liability, even if the issue had not been waived. *Davignon*, 524 F.3d at 109.

Furthermore, the verdict as stated does not preclude a finding that Chen is liable for insider trading. The jury found that "either or both Jenny Ye and/or Kevin Xu, for a personal benefit, breach[ed] a duty of trust to maintain as confidential and not to disclose material, nonpublic information to Chen." (ECF 67 at 4). That finding, interpreted in the light most favorable to the verdict, reflects the jury's certainty that disclosure happened, but uncertainty about the mechanism of the disclosure. That is an entirely permissible basis for liability, because the jury went on to find that Chen knew he had received material non-public information from either Ye, Xu, or both, and that he then traded on that information. (*Id.* at 8). Together, those findings support liability for insider trading. See *Salman,* 580 U.S. at 42.

Defendant is therefore not entitled to judgment as a matter of law on that basis.

B. **Weight of the Evidence**

There is more than sufficient evidence to support a jury finding that either Ye or Xu disclosed material non-public information to Chen. The government introduced substantial evidence at trial about the extensive communication between Chen's family and the family of Ye and Xu. (ECF 87 at 5; Trial Tr. Day 4 at 13). That evidence supported an inference that, at the very least, either Ye or Xu had an opportunity to tip Chen before the release of the VistaPrint quarterly earnings reports. That, combined with Chen's subsequent trading behavior, is strong circumstantial evidence of insider trading that a rational jury could credit.

There is also sufficient evidence to support the jury's finding that, regardless of who tipped Chen, the tip was undertaken for personal benefit. Tips are given for personal benefit when they are given to friends as gifts. See *Salman*, 580 U.S. 42 (citing *Dirks*, 463 U.S. at 664). Furthermore, the government introduced evidence that Ye and Xu wanted to go on vacation with Chen's family, but that Chen's family often could not afford to vacation with them. (Trial Tr.

Day 4 at 88). A reasonable jury could have found, based on that evidence, that Ye or Xu disclosed material non-public information to Chen for a personal benefit.

Finally, the summaries at issue were not improperly admitted. Summaries are admissible under the rules of evidence. *See* Fed. R. Evid. 1006. Therefore, assuming the government's summaries were properly admitted and shown to the jury under Rule 1006—which defendant does not contest—the mere fact that the government relied on summaries does not make the underlying evidence attenuated or insufficient.

Defendant therefore has not shown that he is entitled to a new trial on any of those bases.

## III.   Civil Penalties

The parties agree that Chen may be enjoined from violating the Securities Act, the Exchange Act, and the rules promulgated under the authority of those Acts. (ECF 83 at 8). They also agree that disgorgement and prejudgment interest should not be ordered. (ECF 91). Therefore, the only remaining issue is the appropriate civil penalty, if any, under 15 U.S.C. 78u-1(a)(2).

The government has requested the Court enter a judgment against defendant that includes $1,785,654 in civil penalties, twice the value of his profits from insider trading. (ECF 91 at 2). Defendant responds that the extra penalty is inappropriate in this case, largely because it would impose a crippling financial burden on him, and because he was acquitted in a parallel criminal prosecution. (ECF 83 at 6-8).

The appropriate magnitude of a civil penalty for insider trading is based on the "facts and circumstances" of the case. 15 U.S.C. 78u-1(a)(2). The factors that bear on this inquiry are "(1) the egregiousness of the violations; (2) the isolated or repeated nature of the violations; (3) the defendant's financial worth; (4) whether the defendant concealed his trading; (5) what other

penalties arise as the result of the defendant's conduct; and (6) whether the defendant is employed in the securities industry." *S.E.C. v. Happ*, 392 F.3d 12, 32 (1st Cir. 2004).

Here, as in *Happ*, the picture is mixed. On the one hand, the jury found that defendant engaged in repeated violations. (ECF 67 at 12). He also appears to have done so in a way that was difficult to detect and consequently difficult to deter. He did not conceal the fact of his trades, but did lie to the FBI about his relationship with Ye and Xu, presumably to conceal his wrongdoing. (Trial Tr. Day 2 at 153). Nevertheless, it appears that he is not a person of substantial means. (ECF 92). Furthermore, his violation was not substantially more egregious than a typical insider-trading violation, and he does not work in the securities industry, which perhaps marginally reduces the temptation to reoffend. Accordingly, as in *Happ*, the Court will impose a penalty equivalent to the value of defendant's illicit trades, which is $892,827. That penalty will be paid according to a reasonable installment schedule based on his ability to pay.

### IV.   Conclusion

For the foregoing reasons, defendant's motion for judgment as a matter of law or, in the alternative, for a new trial is DENIED. Plaintiff's motion for entry of judgment is GRANTED in part and DENIED in part.

The clerk is directed to enter final judgment against the defendant consistent with this order.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: January 30, 2025          Chief Judge, United States District Court